## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGIE J. RUSSELL, | * | |
| Plaintiffs, | * | |
| | * | |
| VS. | * | CV 08- |
| | * | |
| CAPITAL ONE; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC, | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW Margie J. Russell, by and through her undersigned attorney, and for her Complaint against all Defendants named in the above-styled matter, show as follows:

### JURISDICTION

1.      This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. §1681p and 28 U.S.C. 1367. Plaintiff also asserts state claims as to which this Court has pendant jurisdiction.

### PRELIMINARY STATEMENT

This case arises from the actions taken by Defendant Capital One Bank ("Capital One") to attempt to collect a debt which Capital One knew the Plaintiff did not owe. These attempts included a campaign of harassing phone calls made to Plaintiff's home, the wrongful filing of a collection action against Plaintiff, the false reporting of credit information regarding the fraudulent debt and the refusal by Capital One to remove the false reporting even after Plaintiff won the collection suit. Plaintiff asserts various claims against Capital One under state law. She also brings claims under federal law for Capital One's failure to comply with the requirements of the Fair Credit Reporting Act ("FCRA"), 15. U.S.C. 1681. Plaintiff also asserts FCRA claims against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc. and Transunion, LLC, for their failure, after receiving Plaintiff's disputes, to remove credit information from Plaintiff's file pertaining to the false Capital One debt.

## PARTIES

2.      Plaintiff is an adult resident of Mobile County, Alabama.

3.      Defendant Capital One is a corporation formed under the laws of the State of Washington and has its principal place of business in the state of Washington.

4.      Defendant Experian Information Solutions, Inc. ("Experian") is a corporation formed under the laws of the State of Ohio and has its principal place of business in the State of Ohio.

5.      Defendant Equifax Information Systems, Inc. ("Equifax") is a corporation formed under the laws of the State of Georgia and has its principal place of business in the State of Georgia.

6.      Defendant Transunion, LLC ("Transunion") is a company formed under the laws of the State of Delaware and has its principal place of business in the State of Illinois.

## BACKGROUND FACTS

7.      Prior to May 12, 2006, Ms. Russell had two credit cards accounts with Capital One. In Spring of 2006, she decided to consolidate that debt into one loan and she applied for a debt consolidation loan with American General Finance. Her application was accepted and on May 12, 2006, Ms Russell closed on the American General loan. The proceeds of the American General loan included two checks written to Capital One; one in the amount of $2,249.00 and another in the amount of $975.00. The amount of each of those checks match the account balances as reflected in the monthly statements generated by Capital One. Those checks were properly delivered to Capital One. Both checks were negotiated by Capital One on May 17, 2006.

8.      Soon after the checks were negotiated by Capital One, it became apparent to Ms Russell that Capital One had failed to make adjustments to the balances it claimed she owed. With the help of the American General loan officer who handled the consolidation loan, Ms Russell contacted Capital One numerous times and provided the cancelled checks indicating that the payments were received; all in an effort to convince Capital One that the accounts were paid in full. In the meantime, employees or agents of Capital One began a campaign of harassing collection calls to Plaintiff's home. Calls were made at varying hours and often multiple times per day. The callers

2

verbally abused Plaintiff, accused her of lying and refused to believe that she had paid off the accounts, even after receiving confirmation of that fact.

9.     On December 21, 2006, Capital One wrote a letter to Plaintiff in which it acknowledged that it made a "payment error" and stating that the error had been corrected. However, Capital One and its collectors continued to hound Plaintiff for unpaid balances it claimed she owed on these accounts. Capital One continued to make harassing phone calls and the callers refused to acknowledge that Capital One had received the May 12, 2006 payments. Capital One also caused a series of debt collectors to contact Plaintiff in an attempt to collect on these paid off accounts. This continued throughout 2007 and through the Spring of 2008. Also, as explained below, Capital One continues to this day to falsely report that these accounts are past due.

10.     On March 18, 2008, Capital One filed suit against Ms Russell in the District Court of Mobile County (Capital One Bank v. Margie Russell, DV 2008-622). In its Complaint, Capital One claimed that Ms Russell had defaulted on the same accounts which she had paid off two years previously. Capital One sought damages in the amount of $5,299.57, including attorneys fees and interest. At the time it filed the suit, Capital One had been paid in full on both accounts and had already acknowledged that fact in writing. When it filed suit, Capital One knew that no reasonable basis existed for its claims.

11.     On March 30, 2008 Ms Russell filed an Answer in the collection suit, denying that she owed anything to Capital One. Capital One was served with this Answer through its attorneys.

12.     Sometime after May 12, 2006, when Plaintiff's Capital One accounts were paid in full, Defendants Equifax, Experian and Transunion (collectively, the "CRAs") began reporting, as part of Plaintiff's credit file supplied to third parties, that her Capital One accounts were delinquent. All three CRAs reported that these accounts were "charged-off." Upon information and belief, this reporting was based on information electronically supplied to the CRAs by Capital One falsely claiming that Ms Russell had failed to pay on these accounts.

13.     Beginning on April 11, 2008, Plaintiff submitted written disputes to each of the CRA

3

Defendants disputing the incorrect reporting regarding these accounts. Plaintiff provided with her dispute information copies of the cancelled checks negotiated by Capital One. The information and documents provided by Plaintiff, upon any reasonable review, conclusively demonstrated that Plaintiff had paid those accounts in full. Plaintiff forwarded to Capital One a copy of this written dispute, including all the attachments, to the CRAs.

14.     On April 28, 2008 Capital One wrote to Plaintiff stating that it "verified" that she owed charged off debt. Capital One insisted that the false information it was reporting was correct and made clear that the information would not be deleted. Capital One stated in its letter that "[t]he credit agencies are reporting correctly your account listed above as charge off with an R9 rating and will report for 7 years."

15.     The CRAs failed to remove the false information in response to Plaintiff's disputes.

16.     On June 23, 2008, the collection suit which Capital One filed against Ms Russell went to trial. The case was tried before a Mobile County District Court Judge and sworn testimony was presented. Upon consideration of the evidence presented, judgment was entered in favor of Ms Russell and Capital One.

17.     On July 7, 2008, Plaintiff again wrote to the CRAs, this time advising them of the judgment entered in her favor. Plaintiff again requested that the incorrect reporting of "charged off" be removed from her credit file. Each of the CRA Defendants was provided with a cover letter explaining the dispute which identified the false information she was disputing and explained the outcome of the collection suit. She also provided information regarding the suit and judgment which could be used to verify the information from the public records. Attached to the dispute letter was a certified copy of the final judgment rendered in her favor.

18.     However, despite receiving proof of not only Ms Russell's payment in full of these account, but also of a final judgment declaring that she owed nothing to Capital One, all three CRA Defendants continued to report that she owed "charged off" balances. This reporting was not based on any independent and reasonable investigation of the information provided by Plaintiff, but instead

4

on the automated parroting of the false and baseless reporting by Capital One that Plaintiff owed balances on these accounts.

19.     On July 19, 2008, Transunion, in response to Plaintiff's dispute, verified the reporting of the accounts as "charged off."

20.     On July 30, 2008, in response to Plaintiff's dispute, Equifax verified the reporting of the accounts as "charged off."

21.     On August 1, 2008, in response to Plaintiff's dispute, Experian verified the reporting of the accounts as "charged off."

**COUNT ONE**
**(FCRA VIOLATIONS BY CAPITAL ONE)**

22.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

23.     This is a claim for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*

24.     Defendant Capital One furnishes credit information to consumer credit reporting agencies as those terms are defined by FCRA.  Capital One is subject to requirements of FCRA, including those duties set out in 15 U.S.C. §1681s-2(b).

25.     At all relevant times, Capital One provided derogatory and false credit information to the CRAS, including the CRA Defendants.  This false and derogatory information was reported by the CRAs, including the CRA Defendants to third parties, including Plaintiff's potential lenders and others who may be in a position of evaluating Plaintiff's creditworthiness, credit standing, credit capacity, character and general reputation.

26.     As stated above, Plaintiff has notified the CRA Defendants of her dispute of the false information being reported by Capital One.  Upon information and belief, each dispute was forwarded to Capital One by the CRAs.  Also, as stated above, Plaintiff provided Capital One a copy of her disputes.

27.     Information was available to Capital One that should have, upon a reasonable

investigation, informed Capital One that the reporting of charged off debt or of any delinquency owed by Plaintiff was false.

28.     Despite its knowledge that the information being reported on Plaintiff's credit file was false, Capital One repeatedly verified the false and derogatory information as accurate, knowing that by doing so Plaintiffs creditworthiness would be damaged.

29.     Capital One has taken actions which violate FCRA, specifically 15 U.S.C. §1681s-2(b). These actions include, but are not limited to, the following:

A.     Failing to fully, properly or reasonably investigate the Plaintiff's dispute of the reporting of the false and derogatory information;

B.     Failing to review all relevant information regarding Plaintiff's dispute and/or by disregarding that information after review;

C.     After receiving notice of Plaintiff's dispute, continuing to submit false and derogatory information to the CRA Defendants regarding the alleged debt. Capital One knew that information to be false, incomplete and/or not verifiable.

D.     Failing to modify, delete or permanently block the reporting of credit information regarding Plaintiff which Capital One knew to be false, incomplete and/or not verifiable.

E.     Failing to accurately respond to Plaintiff's disputes made through the CRA Defendants after receipt of that dispute.

30.     As a proximate result of this conduct, Plaintiff suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

31.     Capital One's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiff to recover the remedies provided in 15 U.S.C. §1681n.

32.     Capital One's acts and/or omissions made in violation of the FCRA were negligently made, entitling Plaintiff to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

6

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Capital One for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT TWO**
**(MALICIOUS PROSECUTION)**

33.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

34.     Capital One's collection action filed on or about March 18, 2008, was initiated without probable cause and with full the knowledge that there was no legal or factual basis for the claims asserted. The filing and pursuit of the collection action constitutes malicious prosecution.

35.     Capital One filed and prosecuted the collection action with malice and for the purpose of coercing Plaintiff into paying a legally unenforceable debt.

36.     The collection action was terminated in favor of the Ms Russell.

37.     Plaintiff has suffered damages as a proximate result of the malicious prosecution

WHEREFORE, Plaintiff requests that this Court enter a judgment against Capital One for malicious prosecution and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT THREE**
**(INVASION OF PRIVACY)**

38.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

39.     The actions taken by Capital One in an attempt to collect this fraudulent debt, including its campaign of harassing phone calls to Plaintiff's home in attempting to collect from Plaintiff monies not owed and its providing of false information to debt collections who also

7

contacted Plaintiff, constitute a wrongful invasion of Plaintiff's privacy. Defendants' actions caused wrongful intrusion upon Plaintiff's home which has disrupted and harmed Plaintiff in such a manner as to cause outrage, mental suffering, shame and humiliation to any person with ordinary sensibilities.

40.    This claim is not premised on any act or omission made by Capital One regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Capital One for invasion of privacy and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT FOUR
### (NEGLIGENCE)

41.    Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

42.    Capital One at all relevant times owed a duty to Plaintiff which included the duty to take reasonable actions and due care in managing her accounts. This included the duty to take reasonable measures to ensure that the debts collected against Plaintiff were those actually owed by Plaintiff. Capital One also owed a duty not to engage in unreasonable collection efforts aimed only at harassing Plaintiff and coercing her to pay debts she did not owe.

43.    Capital One breach the duties owed to Plaintiff. The collection actions taken against Plaintiff and Capital One's management of Plaintiff's account constitute negligence.

44.    This claim is not premised on any act or omission made by Capital One regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Capital One for negligence and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

8

## COUNT FIVE
### (WANTONNESS)

45.     Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

46.     The actions taken by Capital One in marrying Plaintiff's accounts and in attempting to collect from Plaintiff amounts not owed and the manner in which the collection efforts constitute wantonness. Those actions were made with the knowledge that Plaintiff did not owe the debt and with a wanton, reckless or conscious disregard for the Plaintiff's rights and well-being. Plaintiff suffered damage as a proximate result of Capital One's wantonness.

47.     This claim is not premised on any act or omission made by Capital One regarding credit reporting.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Capital One for wantonness and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT SIX
### (DEFAMATION)

48.  Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

49.  Capital One published false and defamatory information to third parties, stating that Plaintiff had defaulted on accounts, and owed substantial "charged-off" balances on those accounts, when Capital One knew that those accounts had actually been satisfied. Plaintiff repeatedly requested that Capital One cease this reporting. The third parties to whom this false information was published included the CRA Defendants, other consumer reporting agencies and all persons or entities who reviewed the credit reports containing that false information. Defendant also published this false and defamatory information to third party debt collectors.

50.     As a result of the publication of this false and derogatory information, Plaintiff

9

suffered damage to reputation; loss of credit, loss of the ability to purchase and benefit from a credit; and mental and emotional pain and anguish, humiliation, anxiety and embarrassment of credit denials.

51.     The defamatory conduct, actions and inactions of Capital One were malicious, willful, deliberate, intentional.  The defamation was conducted with malice and/or with willful intent to injure Plaintiff and to coerce her to pay a debt she did not owe.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Capital One for defamation and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT SEVEN
## (FCRA VIOLATIONS BY EQUIFAX)

52.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

53.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Equifax pursuant to 15 U.S.C. § § 1681o and 1681n.

54.     Defendant Equifax is a "consumer reporting agency" as that term is defined in FCRA.

55.     Equifax has reported false and derogatory credit information relating to Plaintiff's Capital One accounts.  This information was reported to third parties, including Plaintiffs' potential lenders and others who may be in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character and general reputation.  This false and derogatory information was, at all relevant times, reported by Equifax to said third parties by a "consumer report" as that term is defined in the FCRA.

56.     Plaintiff, on multiple occasions, notified Equifax that the information being reported on her credit file was false.

57.     Equifax failed in its duty to reasonably investigate Plaintiffs' disputes and/or has merely parroted the false information supplied by Capital One, without performing any meaningful

10

or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

58.    Defendant Equifax failed to comply with the requirements of the FCRA in one or more of the following ways:

A.    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.    By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.    By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.    By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.    By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiffs.

59.    As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

60.    Equifax's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

61.    Equifax's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiffs to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Equifax for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including

11

damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**COUNT EIGHT**
**(FCRA VIOLATIONS BY EXPERIAN)**

62.     Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

63.     This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Experian pursuant to 15 U.S.C. § § 1681o and 1681n.

64.     Defendant Experian is a "consumer reporting agency" as that term is defined in FCRA.

65.     Experian has reported false and derogatory credit information relating to Plaintiff's Capital One accounts. This information was reported to third parties, including Plaintiffs' potential lenders and others who may be in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Experian to said third parties by a "consumer report" as that term is defined in the FCRA.

66.     Plaintiff, on multiple occasions, notified Experian that the information being reported on her credit file was false.

67.     Experian failed in its duty to reasonably investigate Plaintiffs' disputes and/or has merely parroted the false information supplied by Capital One, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

68.     Defendant Experian failed to comply with the requirements of the FCRA in one or more of the following ways:

A.     By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible

12

accuracy of the information it published in its reports relative to Plaintiff;

B.    By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.    By willfully and/or negligently failing to delete information which Equifax knew or, had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.    By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.    By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiffs.

69.    As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

70.    Experian's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

71.    Experian's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiffs to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Experian for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT NINE
### (FCRA VIOLATIONS BY TRANSUNION)

72.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

73.    This count states claims for negligent and willful violations of the Fair Credit Reporting Act ("FCRA") against Defendant Transunion pursuant to 15 U.S.C. § § 1681o and 1681n.

74.    Defendant Transunion is a "consumer reporting agency" as that term is defined in FCRA.

75.    Transunion has reported false and derogatory credit information relating to Plaintiff's Capital One accounts. This information was reported to third parties, including Plaintiffs' potential lenders and others who may be in a position of evaluating Plaintiffs' creditworthiness, credit standing, credit capacity, character and general reputation. This false and derogatory information was, at all relevant times, reported by Transunion to said third parties by a "consumer report" as that term is defined in the FCRA.

76.    Plaintiff, on multiple occasions, notified Transunion that the information being reported on her credit file was false.

77.    Transunion failed in its duty to reasonably investigate Plaintiffs' disputes and/or has merely parroted the false information supplied by Capital One, without performing any meaningful or reasonable independent investigation. As a result, the false and derogatory information was verified and has remained on Plaintiff's credit file.

78.    Defendant Transunion failed to comply with the requirements of the FCRA in one or more of the following ways:

A.    By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information it published in its reports relative to Plaintiff;

B.    By willfully and/or negligently failing to comply with 15 U.S.C. § 1681i, including but not limited to the willful and/or negligent failure to conduct a reasonable reinvestigation to determine whether the disputed information was accurate, complete and verifiable;

C.    By willfully and/or negligently failing to delete information which Equifax knew or,

14

had a reasonable investigation been conducted, should have known was inaccurate, incomplete and/or could not be verified.

D.     By failing to properly respond to Plaintiff's disputes as required by 15 U.S.C. § 1681.

E.     By failing to exercise due care and reasonable prudence in the preparation of its reports relative to Plaintiffs.

79.     As a proximate result of this conduct, Plaintiffs suffered actual damages including, but not limited to, the loss of credit, loss of the ability to purchase and benefit from credit; mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

80.     Transunion's acts and/or omissions made in violation of the FCRA were willful, entitling Plaintiffs to recover the remedies provided in 15 U.S.C. §1681n.

81.     Transunion's acts and/or omissions made in violation of the FCRA were negligently made, entitling the Plaintiffs to recover the remedies provided pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant Transunion for negligent and wilful violations of the FCRA and award Plaintiff actual damages, including damages for mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment; statutory damages; punitive damages; costs and attorney's fees. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED AS TO EVERY CLAIM ASSERTED HEREIN.**

KENNETH J. RIEMER
Attorney for Plaintiff
Post Office Box 1206
Mobile, AL 36633
(251) 432-9212
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com

15

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

Capital One Services, Inc.
P. O. Box 26030
Richmond, VA 23260-6030

Equifax Information Services, LLC
CSC Lawyers Incorporating Svc. Inc.
150 S Perry Street
Montgomery, AL  36104

Experian Information Solutions, Inc.
P. O. Box 2002
Allen, TX 75013

Transunion, LLC
P. O. Box 2000
Chester, PA 19022-2000

16